IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GENE WILLIAMS and RICHARD KICKLIGHTER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CV 106-30 ) |
| C. LEE, FNU POPE, C.M.S., WILLIAM JOHNSON, and CHARLES TOOLE, | ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, proceeding pro se, filed a complaint under Title 42, United States Code, Section 1983. Plaintiffs also filed a motion to proceed *in forma pauperis*. Doc. 2. For the reasons that follow, the Court recommends that the motion to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

In their complaint, plaintiffs allege that they are handicapped and that defendants, employees at Richmond County Jail, have not provided them with equipment necessary for treatment of their medical conditions. According to plaintiffs, defendants have thus been deliberately indifferent to plaintiffs' serious medical needs.

## II. DISCUSSION

In the Eleventh Circuit, prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. Each prisoner, instead, must pay the full filing fee separately. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

In Hubbard, eighteen (18) prisoners attempted to file a suit together under 42 U.S.C. § 1983 to challenge their medical care at an Alabama correctional facility. Id. at 1195. The Eleventh Circuit affirmed the district court's decision to require each plaintiff to proceed individually, with their own complaint and own motions to proceed *in forma pauperis*. Id. Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice.
> . . . .
> Because the plain language of the (Prison Litigation Reform Act) requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly *dismissed* the multi-plaintiff action in this instance.

Id. (emphasis added).

In accordance with the procedure affirmed by the Eleventh Circuit, the Court recommends that this case be **DISMISSED** without prejudice. The Court also recommends that the motion to proceed *in forma pauperis* in this case be **DENIED**. If plaintiffs wish to pursue their claims separately, they may do so by filing separate complaints and separate

2

motions to proceed *in forma pauperis*.

SO REPORTED and RECOMMENDED this 13th day of March, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE